# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCO P. URIOSTEGUI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 664 |
| | ) |
| LUMISOURCE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Lumisource, LLC's (Lumisource) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted.

## BACKGROUND

Plaintiff Marco P. Uriostegui (Uriostegui) alleges that from 2011 through 2013 he was employed at Lumisource in Elk Grove Village, Illinois. Uriostegui alleges that on or about June 4, 2012, he filed a charge of discrimination (Discrimination Charge) with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) in which he alleged that he was harassed and discriminated against on the basis of his sex while he was employed at Lumisource. (Compl. Ex. A). On November 12, 2013, the EEOC

1

issued Uriostegui a Notice of Right To Sue Letter. (Compl. Ex. B). On January 30, 2014, Uriostegui filed a complaint in this court which was amended on February 9, 2014. Uriostegui includes in his amended complaint a claim alleging sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII retaliation claim, (Count II), and a state law retaliatory discharge claim (Count III). Lumisource filed a motion to dismiss Count II of the amended complaint, and Uriostegui was given leave until March 26, 2014 to respond. Uriostegui has not filed a response or objected to the motion.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a

motion to dismiss, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,' and that '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

## DISCUSSION

Lumisource moves to dismiss the Title VII retaliation claim in Count II, arguing that the claim is barred since it was not raised in the EEOC proceedings. (Mot. 1-4). A plaintiff in a Title VII action "may bring only those claims that were included in his EEOC charge or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010)(quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996))(internal quotations omitted). To be considered "like or reasonably related, the claims must, at minimum, describe the same conduct and implicate the same individuals." *See id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994))(internal quotations omitted).

Uriostegui alleges that he was unlawfully terminated from Lumisource for reporting sexual harassment in the workplace. (Compl. Par. 25). The Discrimination Charge from the EEOC proceedings, however, does not include a retaliation claim and does not even mention the term unlawful termination. (Compl. Ex. A). The court also notes that Uriostegui did not check the box for retaliation that was on the

Discrimination Charge form, nor did he allege that any other action had been taken against him for reasons other than his sex. *See Swearnigen-El*, 602 F.3d at 864-65 (affirming the dismissal of a Title VII retaliation claim where the plaintiff "did not check the box [on the EEOC charge] for retaliation or otherwise indicate that action had been taken against him for reasons other than his race and gender"). Since Uriostegui's retaliation claim does not set forth the same conduct alleged in the earlier EEOC proceedings or sufficiently grow from the allegations set forth in such proceedings, the retaliation claim is not reasonably related to the Discrimination Charge. *See Swearnigen-El*, 602 F.3d at 864-65 (stating "[n]ormally, retaliation and discrimination charges are not considered like or reasonably related to one another")(quoting *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003))(internal quotations omitted). Accordingly, Uriostegui cannot proceed on the retaliation claim because he failed to raise the claim in his earlier EEOC proceedings. *Swearnigen-El*, 602 F.3d at 864-65. Therefore, Lumisource's motion to dismiss the retaliation claim in Count II is granted.

## CONCLUSION

Based on the foregoing analysis, Lumisource's motion to dismiss the retaliation claim in Count II is granted.

                                                                             _____

Samuel Der-Yeghiayan

Dated: June 10, 2014                    United States District Court Judge