# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARCO P. URIOSTEGUI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 14 C 664 |
| | ) |
| LUMISOURCE, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Lumisource, LLC's (Lumisource) motion for summary judgment. For the reasons stated below, the motion for summary judgment is granted. The remaining state law retaliatory discharge claim is dismissed without prejudice.

## BACKGROUND

Irene Lee and Steve Lee are the owners and operators of Lumisource, a furniture and lighting distributor business. In September 2011, Plaintiff Marco P. Uriostegui (Uriostegui) became employed as a general manual warehouse worker at Lumisource. Uriostegui alleges that during his first few weeks of employment, his supervisor Ramon Colon (Colon) sexually harassed him. Uriostegui claims that he

1

later complained to Lumisource warehouse manager Peggy Christofilis (Christofilis) and Steve Lee about Colon's mistreatment of Uriostegui. In December 2011, Uriostegui allegedly injured himself when he was moving boxes in the warehouse. According to Uriostegui, he was terminated from Lumisource four days later. Lumisource, however, claims that Uriostegui's employment was not terminated and that he simply failed to return to work. Uriostegui includes in his second amended complaint a hostile work environment claim brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq*. (Count I), and a state law retaliatory discharge claim involving the Illinois Workers' Compensation Act, 820 ILCS 305, *et seq*. (Count II). Lumisource moves for summary judgment on both counts.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©; *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

I. Local Rule 56.1

Local Rule 56.1 requires that each statement of material fact shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. LR 56.1. The opposing party is required to file a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. LR 56.1.

A. Objections by Uriostegui

In response to Lumisource's statement of material facts, Uriostegui objects to paragraphs 81-184 of Lumisource's statement of material facts. (RSF 13). Uriostegui, however, provided only a conclusory statement, arguing in one sentence, that such paragraphs were proffered in violation of Local Rule 56.1 and

3

should be stricken. (RSF 13). Uriostegui failed to explain the basis of his objections, and the court will not speculate as to such a basis. Thus, Uriostegui has not shown that any portion of Lumisource's statement of material facts fails to comply with Local Rule 56.1.

B. Admissions by Uriostegui

Lumisource argues that Uriostegui made certain admissions pursuant to Local Rule 56.1. Lumisource, unlike Uriostegui, provided a basis for its Local Rule 56.1 argument, pointing out that in response to paragraphs such as 109, 170, 171, and 174, Uriostegui failed to comply with Local Rule 56.1 by failing to cite to the record. (Reply 2). If a party responding to the opponent's statement of material facts denies certain facts, the party is required to include a citation to the record, indicating the portion of the record that supports the denial, and in the absence of such citation, the facts are deemed to be undisputed. *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n. 1 (N.D. Ill. 2003); *see Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009)(stating that when the opposing party "fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion" and that "[b]ecause of the important function local rules like Rule 56.1 serve in organizing the evidence and identifying disputed facts, [the Court has] consistently upheld the district court's discretion to require strict compliance with those rules"); *see also Keeton v. Morningstar, Inc.*, 667 F.3d

877, 883-84 (7th Cir. 2012)(indicating that "district courts are entitled to expect strict compliance with Local Rule 56.1").

In response to Lumisource's statement of facts set forth in paragraphs 109, 170, 171, and 174, Uriostegui has responded by either asserting that such facts are denied or that he disputes such facts, without citing any specific references to the affidavits, parts of the record, or other supporting materials as required by Local Rule 56.1. (R SF Par. 109, 170, 171, 174). Since Uriostegui has not properly denied or disputed Lumisource's statement of facts set forth in paragraphs 109, 170, 171, and 174, these facts are deemed to be undisputed pursuant to Local Rule 56.1.

II. Title VII Hostile Work Environment Claim

Lumisource argues that even if Uriostegui could show that Colon sexually harassed Uriostegui, Lumisource is not liable for Colon's alleged conduct based on the affirmative defense set forth in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). When an employer has not taken any "tangible employment action . . . against the employee in the course of the harassment, an employer may raise an affirmative defense to liability that must be proved by a preponderance of the evidence." *Passananti v. Cook County*, 689 F.3d 655, 670 (7th Cir. 2012); *see also Lambert v. Peri Formworks Systems, Inc.*, 723 F.3d 863, 866 (7th Cir. 2013)(stating that "[a]n employer is strictly liable if a supervisor harasses the employee and the employer cannot establish the affirmative defense recognized in" *Ellerth*). When no such

5

tangible employment action was taken, employers must then prove by a preponderance of the evidence (1) that "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior," and (2) that the "employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Shaw v. AutoZone, Inc*., 180 F.3d 806, 810 (7th Cir. 1999).

### A. Tangible Employment Action

Lumisource contends that Uriostegui did not suffer a tangible employment action in connection with the alleged sexual harassment. Although Uriostegui claims that his employment was ultimately terminated, it is undisputed that any tangible employment action taken against him was not done in connection to the allegations set forth in his Title VII claim. (Ans. SJ 8). Uriostegui admits that his alleged termination from Lumisource concerned him trying to obtain an employee accident report in connection with his work-related injury, which is the subject of his separate state law retaliatory discharge claim. (RSF Par. 75, Ex. I 164). Thus, the undisputed facts show that Uriostegui did not suffer a tangible employment action in the course of the alleged harassment.

B. Reasonable Care To Prevent and Promptly Correct Harassment

Lumisource argues that it exercised reasonable care to prevent and promptly correct sexual harassment in the workplace. (SJ 11-13). The "existence of an appropriate anti-harassment policy" and proof that an employer "exercised reasonable care to respond to the sexual harassment" will often satisfy the first prong of the *Ellerth* affirmative defense. *Shaw*, 180 F.3d at 811.

1. Anti-Harassment Policy

Lumisource contends that it had a policy against sexual harassment and other unlawful harassment (Anti-Harassment Policy) in place during Uriostegui's employment. (SJ 11-13); (Ex. 2, 33). Uriostegui admits pursuant to Rule 56.1 that such a policy existed and that he was familiar with and read the Anti-Harassment Policy provided to him by Lumisource. (Ans. SJ 8); (RSF Par. 87-90, 93). Uriostegui has not shown that the Anti-Harassment Policy was in any manner defective or insufficient. (Ans. SJ 8); (R SF Par. 87-90, 93). The Anti-Harassment Policy explains how to seek assistance if faced with sexual harassment in the workplace and instructs employees: "[i]f you experience or witness any harassment in the workplace, report it immediately to Irene Lee or Steve Lee." (Ex. 2, 33). The undisputed facts show that Lumisource implemented the Anti-Harassment Policy in a clear and effective manner to all employees, including Uriostegui. Therefore,

Lumisource exercised reasonable care to prevent sexual harassment in its workplace.

    2.  Response to Sexual Harassment

Lumisource contends that it did not respond to any sexual harassment complaints from Uriostegui because Uriostegui never complained of being sexually harassed as instructed in the Anti-Harassment Policy.  *See Shaw*, 180 F.3d at 812 (stating that "[b]ecause [the employee] never informed [the employer] of [the supervisor's] alleged harassment and because it had no reason to know of the harassment, there was nothing for [the employer] to respond to"); (SJ 11-13). Uriostegui contends that he felt as though he was being mistreated by Colon because Colon would tell him that he was lazy, that he was not performing his job correctly, and that he was "weird."  (RSF Par. 32).  Uriostegui also claims that he complained to Christofilis that Colon was using foul language with him.  (RSF Par. 36); (SAF Par. 193).  Although such facts indicate that Uriostegui believed that he was being treated poorly by Colon, the undisputed facts indicate that Uriostegui failed to inform Lumisource that Colon was sexually harassing him. (RSF Par. 36, 48, 49, 72, 101, 109, 121).  As explained above, the Anti-Harassment Policy, which Uriostegui admits to reading, instructed employees to immediately report sexual harassment to Irene Lee or Steve Lee.  (Ex. 2, 33).  Uriostegui admits that he never complained about the alleged sexual harassment to Irene Lee or to Steve Lee as explained below. (RSF Par. 72).  Uriostegui stated at his deposition that he recalled telling Steve Lee

about Colon's alleged sexual harassment during meetings when no one else was present. (Ex. C, 94); (SAF Par. 202). Uriostegui then gave conflicting statements at his deposition as to how often he actually spoke to Steve Lee about the allegations. (Ex. C, 93-95). Uriostegui, however, admits in response to Lumisource's statement of material facts that when making the complaints to Steve Lee about Colon, Steve Lee had "not heard any sexual references between [Colon] and [Uriostegui] across all statements made in those kind of contexts. . . ." (RSF Par. 72, 109). Thus, although Uriostegui may have complained about mistreatment by Colon, the undisputed facts indicate that he did not complain about sexual harassment to Steve Lee.

Lumisource therefore had no reason to conduct an investigation of Colon for sexual harassment or to discipline him for such conduct. (RSF Par. 171). Uriostegui does not dispute that "[h]ad [he] or anyone else complained of [Colon's] behavior towards [him] in the nature of the allegations giving rise to this lawsuit, [Colon] would have been disciplined" and that had Steve Lee been informed of such conduct and provided with corroborating evidence, Colon's employment would have been terminated. (RSF Par. 109, 171). It is also undisputed that if Uriostegui had "made any complaints in the nature of that which is alleged to have occurred between h[im] and [Colon] there would have been an investigation conducted." (RSF Par. 170).

Uriostegui also alleges that a Lumisource co-worker named Angel Vega (Vega) reported Colon's sexual harassment of Uriostegui to Lumisource. (SAF Par. 210). Uriostegui cites to page 76 of owner Steve Lee's deposition to support such

9

allegations. (SAF Par. 210). However, Steve Lee's deposition, on page 76, does not support the proposition for which Uriostegui cites. (Ex. B, 76). While Steve Lee acknowledged having discussions with Vega, Steve Lee stated that they never discussed sexual harassment. (Ex. B, 76). Further, in Vega's deposition, Vega admitted that he never reported the way Colon was treating Uriostegui to either Irene Lee or Steve Lee. (Ex. H, 38-39, 42). The undisputed facts show that Lumisource would have promptly taken steps to respond to allegations of sexual harassment and prevent any further sexual harassment had Uriostegui properly notified Lumisource.

### C. Unreasonable Failure To Take Advantage Of Opportunities

Lumisource argues that Uriostegui unreasonably failed to take advantage of any preventative or corrective opportunities provided by Lumisource. As explained above, the undisputed facts establish that Lumisource adopted the Anti-Harassment Policy that offered specific instructions for an employee to complain of sexual harassment. (Ex. 2, 33). Also, as indicated above, the undisputed facts show that although Uriostegui may have complained about being treated poorly by Colon, he failed to inform Lumisource of the alleged sexual harassment. Thus, although Lumisource had measures in place to protect Uriostegui from sexual harassment, the undisputed facts show that Uriostegui failed to take advantage of such protections. Based on the above, Lumisource's motion for summary judgment on the hostile work environment claim is granted.

III.  State Law Retaliatory Discharge Claim

Having resolved the federal claim in this case, the court must determine whether to continue to exercise supplemental jurisdiction over the remaining state law retaliatory discharge claim.  Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims.  *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-52 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts).  The Seventh Circuit has indicated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction. . . ."  *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir. 2007).  The Seventh Circuit has stated that, in exercising its discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources. . . ."  *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir. 1994).  The court has considered all of the pertinent factors and, as a matter of discretion, the court declines to exercise supplemental jurisdiction over the remaining state law retaliatory discharge claim.  Such claim is therefore dismissed without prejudice.

**CONCLUSION**

Based on the foregoing analysis, Lumisource's motion for summary judgment is granted. The remaining state law retaliatory discharge claim is dismissed without prejudice.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 11, 2015